[Civ. No. 10924. Second Appellate District, Division Two.—May 18, 1936.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Appellant, v. DANIEL R. WAGNER, Defendant and Respondent; COLEMAN & NEAL, LTD. (a Corporation), Cross-Complainant and Respondent.

Griffith & Thornburgh, John L. Mace and Roy D. Reese for Appellant.

Leland Crawford and Maxwell Nichols for Respondents.

WOOD, J.—Plaintiff commenced this action to quiet title to the furniture and fixtures of the Vista Mar Monte Hotel

at Santa Barbara. The case was tried on an agreed statement of facts which has been incorporated in the findings. Plaintiff appeals on the judgment roll from a judgment in favor of defendants.

A chattel mortgage was executed by the owner of the hotel on July 28, 1931, in favor of plaintiff covering all the furniture, fixtures and equipment situated in the hotel to secure an indebtedness of $210,000. A portion of the property described in the chattel mortgage was used in connection with the dining room and kitchen operated in the hotel. This mortgage was foreclosed by court action and plaintiff became the purchaser at a sale conducted in the foreclosure proceeding. Defendants are the holders of liens subsequent to that of plaintiff's chattel mortgage if plaintiff is correct in its contention that it was not necessary to record the notice provided by section 3440 of the Civil Code.

The hotel was operated on both the American and European plans and at the time of the execution of the mortgage it was not located near a business district and there was not a restaurant within approximately a mile of the hotel. The only entrance to the dining room, referred to in the findings as "dining room or restaurant", opened onto the hotel lobby. The dining room was conducted under the same management as the rest of the hotel and with the same books of account. Most of the employees working in the dining room received rooms in the hotel as part of their compensation. At least 75 per cent of the business of the dining room came from the registered guests of the hotel and the remaining part from those not registered. The hotel management placed advertisements in the newspapers calling attention to the fact that the public could obtain meals in "the dining room of the hotel".

Defendants contend that the chattel mortgage is void as to them for the reason that plaintiff did not file with the county recorder the notice required by section 3440 of the Civil Code, which provides in part as follows: "Provided, also, that the sale, transfer, or assignment of a stock in trade, in bulk, or a substantial part thereof otherwise than in the ordinary course of trade and in the regular and usual practice and method of business of the vendor, transferor, or assignor, and the sale, transfer, assignment or mortgage of the fixtures or store equipment of a baker, cafe or restaurant owner, garage owner, machinist, or retail or wholesale mer-

chant, will be conclusively presumed to be fraudulent and void as against the existing creditors of the vendor, transferor, assignor or mortgagor, unless at least seven days before the consummation of such sale, transfer, assignment or mortgage, the vendor, transferor, assignor or mortgagor or the intended vendee, transferee, assignee or mortgagee, shall record in the office of the county recorder in the county or counties in which the said stock in trade, fixtures or equipment are situated a notice of said intended sale, transfer, assignment or mortgage, stating the name and address of the intended vendor. . . . ''

The case has been well briefed but the decisions cited are not determinative of the question involved. It is a matter of common knowledge that hotels ordinarily maintain dining rooms as part of the hotel business and that ordinarily the public may obtain meals at hotel dining rooms without obtaining lodgings and without registering as guests. It must be presumed that the members of the legislature were aware of these conditions and that the section of the code under discussion was enacted in the light of such knowledge. The legislature enumerated certain businesses the owners of which were required to file the notice prescribed in order to make a valid mortgage but the legislature did not include in this list a number of other businesses, among them that of a hotel owner. Therefore a hotel owner was not required to file the notice referred to. It is not necessary to define the words *restaurant* and *hotel* to demonstrate that the business conducted by plaintiff in its dining room should be classified as that of hotel business rather than restaurant business. If the legislature had meant to require a hotel owner to file the notice referred to in section 3440 in order to execute a mortgage on that part of the hotel fixtures used in the dining room, it would have been a simple matter to so specify in the statute. It follows that plaintiff is entitled to a judgment quieting its title to the property in dispute.

The judgment is reversed with directions to the superior court to enter judgment in favor of plaintiff in accordance with the prayer of the complaint.

Gould, J., *pro tem.*, and Crail, P. J., concurred.