465 So.2d 604 (1985)
SELECT MEATS, INC., Appellant,
v.
TAREK WADJI INVESTMENTS, N.V., and Club Eden Roc, Inc., Appellees.
No. 83-2318.
District Court of Appeal of Florida, Third District.
March 19, 1985.
*605 Smith & Mandler and Mitchell Mandler, Miami Beach, for appellant.
Simon, Schindler & Hurst and Thomas M. Pflaum, Miami, for appellees.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The plaintiff Select Meats, Inc. [Select Meats] appeals an adverse final judgment entered below after a non-jury trial in an action for damages brought against the defendant Club Eden Roc, Inc. [Club Eden Roc]. The gravamen of the plaintiff's action was that: (1) the defendant Club Eden Roc had purchased the Eden Roc Hotel in Miami Beach from the co-defendant Tarek Wadji Investments, Inc. [Tarek Wadji],[1] (2) the sale and purchase of the hotel did not comply with the requirements of the Bulk Transfer provisions of the Uniform Commercial Code (ch. 676, Fla. Stat. (1981)), and (3) that, accordingly, the defendant Club Eden Roc was liable for certain debts (totaling $7,364.98) incurred by the co-defendant Tarek Wadji which, unknown to the defendant Club Eden Roc, were due and owing to the plaintiff Select Meats for supplying certain meats for use in the dining facilities at the Eden Roc Hotel. The trial court granted the defendant Club Eden Roc's motion for an involuntary dismissal at the close of the plaintiff's case on the ground that the sale of the Eden Roc Hotel did not come within the scope of the Bulk Transfer provisions of the Florida Uniform Commercial Code (ch. 676, Fla. Stat. (1981)). We agree and affirm.
Section 676.102(3), Florida Statutes (1981), provides as follows:
"The enterprises subject to this chapter are all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell, and those enterprises doing business as restaurants that are licensed by the Division of Hotels and Restaurants of the Department of Business Regulation."
*606 A hotel which contains licensed dining facilities on its premises, as here, does not come within the ambit of the above act. As the trial court correctly concluded in the final judgment under review:
"1. Tarek Wadji and the Club [Eden Roc, Inc.] are enterprises whose primary and principal business is the operation of a hotel and not restaurants.
2. The purchase by the Club [Eden Roc, Inc.] of the real property and improvements commonly known as the Eden Roc Hotel and the personal property therein from Tarek Wadji was an acquisition of a hotel and not the purchase of a restaurant or a bulk transfer of property within the ambit and scope of Chapter 676 of the Florida Statutes."
R. 43.
The Eden Roc Hotel is plainly a hotel enterprise whose principal business is renting rooms to guests. It is not, in the language of the above statute, an "enterprise[] ... whose principal business is the sale of merchandise from stock, including ... [an] enterprise[] doing business as [a] restaurant[]... ." § 676.102(3), Fla. Stat. (1981). The fact that the Eden Roc Hotel may contain within its premises certain licensed dining facilities for its guests does not convert the Eden Roc Hotel, as urged, into a restaurant. The sale of the Eden Roc Hotel was therefore not governed by the Bulk Sale provisions of the Uniform Commercial Code (ch. 676, Fla. Stat. (1981)).
We agree entirely with the Second District Court of Appeal of California in Pacific States Savings & Loan Co. v. Wagner, 14 Cal. App.2d 126, 57 P.2d 997 (1936), in its holding, analogous here, that the then California Bulk Sales Act  which, among other things, covered the mortgage of fixtures or store equipment of a "restaurant owner"  was inapplicable to the mortgage of furniture and fixtures of a hotel which had dining facilities on its premises. The Court stated:
"It is a matter of common knowledge that hotels ordinarily maintain dining rooms as part of the hotel business and that ordinarily the public may obtain meals at hotel dining rooms without obtaining lodgings and without registering as guests. It must be presumed that the members of the Legislature were aware of these conditions and that the section of the Code under discussion was enacted in the light of such knowledge. The Legislature enumerated certain businesses the owners of which were required to file the notice prescribed in order to make a valid mortgage, but the Legislature did not include in this list a number of other businesses, among them that of a hotel owner. Therefore a hotel owner was not required to file the notice referred to. It is not necessary to define the words `restaurant' and `hotel' to demonstrate that the business conducted by plaintiff in its dining room should be classified as that of hotel business rather than restaurant business. If the Legislature had meant to require a hotel owner to file the notice referred to in section 3440 in order to execute a mortgage on that part of the hotel fixtures used in the dining room, it would have been a simple matter to so specify in the statute."
Id. 57 P.2d at 998.
The final judgment under review is therefore in all respects
Affirmed.
NOTES
[1] The co-defendant Tarek Wadji was sued on this count of the complaint and on three other counts seeking recovery on an open account, goods sold and account stated. Tarek Wadji filed no pleadings in the action and a default judgment was entered against it. No appeal has been taken therefrom.